# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GEORGE SMILJANICH,

        PLAINTIFF,

v.

GENERAL MOTORS CORP.,

        DEFENDANT.

                                      /

CIVIL ACTION NO. 04-70505

HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES [43]

On May 26, 2006 the Court of Appeals reversed this Court's initial order finding the Administrator's denial to bridge Plaintiff's retirement benefits was arbitrary and capricious under ERISA § 502(a)(1)(B). In the same opinion, the Sixth Circuit remanded this case to determine whether Plaintiff's ERISA claim of equitable estoppel was meritorious. On March 9, 2007, this Court concluded in its Findings of Fact and Law that Defendant was liable to Plaintiff on the issue of equitable estoppel and that Plaintiff was entitled to an award of attorney fees under the test outlined by *Armistead v. Vernitron Crop.*. 944 F.2d 1287 (6th Cir. 1991). Pursuant to Federal Rule of Civil Procedure 54(d)(2)(A), Plaintiff's attorney filed an itemized listing of her services and now moves this court for an award of attorney fees in the amount of $23,823.00 in accordance with 29 U.S.C. § 1132(g).

The Sixth Circuit has interpreted ERISA, Section 502(g), 29 U.S.C. § 1132(g) to allow an award of attorney fees only to prevailing parties. See *Cattin v. Gen. Motors Corp.*, 955 F.2d 416, 427 (6th Cir. 1992). In determining whether to award attorney fees, there is no presumption under ERISA to award them merely because a party prevailed. See *Foltice v. Guardsman Products, Inc.*. 98 F.3d 933 (6th Cir. 1996).

Defendant now opposes the amount attorney fee award requested by Plaintiff. Defendant objects to Plaintiff's inclusion of expenses associated with his non-prevailing arbitrary and capricious ERISA claim because Plaintiff did not prevail on this ground under ERISA. Instead,

Plaintiff prevailed under a separate and distinct claim of equitable estoppel. Unlike many cases, Defendant points out that here it is easy to determine what work went into what claims, *i.e.*, the work prior to June 22, 2006 for the non-prevailing arbitrary and capricious claim measured from the filing of the original complaint filed on January 9, 2004 until after the Sixth Circuit's May 26, 2006 opinion is not recoverable, the work after June 22, 2006 for the prevailing equitable estoppel claim is recoverable. .

Plaintiff disagrees and argues that he is entitled to attorney fees for work related to the entire case because the claims are inseparable, related and based on ERISA. The complaint filed requested the same relief under alternative, ERISA theories. Additionally, the decision to bifurcate the case was made by this Court and at the behest of Defense Counsel. Procedurally, Defendant filed the motion to affirm the administrator's decision or in the alternative for summary judgment. Plaintiff argues that both claims could have been briefed and argued at the same time, but it was Defense counsel's decision to do otherwise.

Defendant relies on a 1983 Supreme Court opinion concerning the Civil Rights Attorney's Fees Awards Act. "Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). However, Defendant fails to quote the next line which states, "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney fees reduced simply because the district court did not adopt each contention raised." *Id*. Because Plaintiff's claims rely largely on the same common core of facts, ask for similar relief under related legal theories and are raised under ERISA, this Court finds that Plaintiff need not have the attorney fees award reduced simply because this Court did not adopt Plaintiff's other claim.

Defendant points to a Sixth Circuit case where a district court's denial of plaintiff's motions for attorney fees was upheld under the abuse of discretion standard where the Plaintiff's ERISA claim was unsuccessful but her non-ERISA claim prevailed. *Cattin v. GM*, 955 F.3d 416

(6th Cir. 1992). However, the *Cattin* case is inapposite to this case because it involved an unsuccessful ERISA claim and a related but non-ERISA claim that prevailed. The Sixth Circuit ruled:

> Although Congress has authorized the district courts to award attorney's fees to prevailing litigants of ERISA claims under 29 U.S.C. §1132(g), no similar authorization has been given by Congress for claims which are merely factually related to an ERISA claim and over which the court has pendent jurisdiction.

*Id*. at 427. The *Cattin* case concludes that a Plaintiff's entitlement to attorney fees has no basis when the parties lose under ERISA but prevail on a pendant state claim. Unlike *Cattin*, Plaintiff did not prevail on a related, pendant state claim, instead he prevailed under a related ERISA claim.

Defendant also relies on *Black v. Lojac Enterprises*, 117 F.3d 1420, 1997 U.S. App. Lexis 17205 (6th 1997)(unpublished), where the Plaintiff unsuccessfully challenged the district court's decision to award only a portion of attorney fees. Similar to the Plaintiff in *Cattin,* the Plaintiff prevailed on the non-ERISA claim (age discrimination). Additionally, Plaintiff voluntarily dismissed his separate ERISA claim. The Sixth Circuit upheld district court's decision to deduct attorney fees associated with the ERISA claim from the overall award of attorney fees because the "actual claimant did not obtain a judgment against [Defendant] or otherwise prevail on the ERISA claim." *Id*. at 11. Again, the ruling cited by Defendant does not affect this case because both claims are related, ERISA claims.

Because this lawsuit consists of related claims based on ERISA, Plaintiff who has won substantial relief under his equitable estoppel theory should not have his attorney fees reduced simply because this Court did not adopt his arbitrary and capricious contention. This Court's decision is buttressed by a recent Supreme Court decision concerning attorney fees awards in civil rights cases. In *Sole v. Wyner*, 2007 U.S. Lexis 6962 (June 4, 2007), the Supreme Court held that a Plaintiff will not be considered a prevailing party entitled to attorney fees when Plaintiff temporarily prevails on a non-final grant of a preliminary injunction which is later overturned after a final decision on the merits against the Plaintiff. Unlike the Plaintiff in *Sole*,

Smiljanich ultimately prevailed, thereby allowing him to move for attorney fees.

Defendant also argues that under the "law of the case" doctrine, this Court cannot award attorney's fees for Plaintiff's ERISA § 502(a)(1)(B) action. This doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Scott v. Churchill*, 377 F.3d 565, 569-570 (6th Cir. 2004). It precludes a court from reconsideration of issues "decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition." *Hanover Ins. Co. V. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997).

In the original- later reversed- decision, this Court granted relief to Plaintiff for his § 502(a)(1)(B)claim but denied Plaintiff's request for attorney fees because "there was just a good faith and arbitrary and capricious decision." The Sixth Circuit reversed the decision as to the grant of relief on the grounds that it was not arbitrary and capricious but affirmed this Court's denial of an award for attorney fees. In regards to the attorney fee issue, the Sixth Circuit stated,

> the final issue before us is the propriety of the district court's refusal to award attorney fees to Mr. Smiljanich. Given that the judgment in favor of Mr. Smiljanich will be reversed, there is no basis for an award of fees to Smiljanich ***at this time***.

*Smiljanich v. General Motors Corp.*, 182 Fed. Appx. 480, 488 (6th Cir. 2006) (emphasis added).

The "law of the case" doctrine argument is also unconvincing because the Court initially made its arbitrary and capricious decision based on the administrative record alone, without the testimony that took place after the Sixth Circuit remand. After the remand, it was the conduct of Defendant that became the focus of the proceedings and this Court found the conduct to be egregious. Moreover, "the law of the case" doctrine is limited to only those issues decided in an earlier appeal. In this case, what was decided on appeal was that it was correct to deny attorney fees on the basis that GM's action were arbitrary and capricious at that time. Thus, the argument fails.

Defendant concludes by arguing that many of the charges are excessive. In particular, Defendant complains about the $3,447cost to prepare the complaint, the fact that Plaintiff

conducted 7.1 hours of discovery despite fact that discovery may have been deferred, and the fact that Plaintiff's attorney spent 3.5 hours preparing for the initial status conference.

The Plaintiff's attorney's representation of Mr. Smiljanich was of the highest caliber throughout each stage of the case. In part because of the high quality representation and in part based on previous awards of attorney fees, this Court disagrees with Defendant's contention that the proposed attorney fees are excessive and instead finds them to be reasonable.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Award of Attorney Fees is **GRANTED**. As a result, Defendant is **ORDERED** to pay Plaintiff attorney fees in the amount of $23,823.00.

**IT IS SO ORDERED**.

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: June 7, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 7, 2007, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager